**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **CINDY DESONIER** | * | **CIVIL ACTION NO. 2:22-CV-1707** |
| | * | |
| **VERSUS** | * | **JUDGE: HON. JAMES D. CAIN, JR.** |
| | * | |
| **STATE FARM FIRE &** | * | **MAGISTRATE JUDGE KAY** |
| **CASUALTY COMPANY** | * | |

**************************************************************************

## NOTICE OF REMOVAL

TO:   Honorable Judges of
      The United States District Court
      Western District of Louisiana

Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, files this Notice of Removal pursuant to 28 U.S.C. § 1446.

1.

**STATE FARM** is defendant in an action filed in the Calcasieu Parish Court, which is styled Pamela Whittaker v. State Farm Fire & Casualty Company, docket number 2022-001565.

2.

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction exists over this case because, as set forth below, the amount in controversy, including penalties and attorney's fees, exceeds $75,000.00, and the citizenship of all named parties is diverse.

3.

Pursuant to 28 U.S.C. § 1446 (a), a complete copy of the record from the 14th Judicial District Court as of May, 31, 2022 is attached as *Exhibit "A"*.

4.

Pursuant to 28 U.S.C. § 1446 (b), a copy of this Notice of Removal is being served on the Plaintiff and filed with the 14th Judicial District Court, Calcasieu Parish, Louisiana.

**Timely Removal**

5.

Pursuant to 28 U.S.C. 1446, this case is being removed within 30 days after service on **STATE FARM** of a copy of the initial pleading through the Louisiana Secretary of State in accordance with 28 USC 1446(b) and 28 USC 1446(c)(1)-(3).

6.

Specifically, the pleading was served by the East Baton Rouge Parish Sheriff's Office on State Farm through the Louisiana Secretary of State on May 19, 2022. This removal is being filed within 30 days of service of the Petition on State Farm. Therefore, this removal is timely. *See Proof of Service, Exhibit "B".*

**Amount in Controversy**

7.

On May 19. 2022, Cindy Desonier served on State Farm a Petition for Damages seeking to recover for damages to her property located at 1003 Michelle Drive, Sulphur, LA, Louisiana under Policy No 18-11B3-32Q, namely damage to her dwelling, other structures, personal property, and loss of use/additional living expense. Plaintiff also asserts that she is entitled to recover penalties and attorney's fees and all other damages, foreseeable or not, for alleged bad faith, arbitrary and capricious claims handling and failure to timely pay amounts due after satisfactory proof of loss under LSA-R.S. 22:1892 and 22:1973. *See Exhibit "A", p. 2-6.*

8.

Pursuant to *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), and Western District jurisprudence, *see Moss v. Old Am. Cty. Mut. Fire Ins. Co*., No. 20-CV-01182, 2021 WL 1743288 (W.D. La. Apr. 14, 2021), report and recommendation adopted, No. 20-CV-01182, 2021 WL 1740809 (W.D. La. May 3, 2021), State Farm requested that, by June 15, 2022, Plaintiff and her counsel execute a stipulation, limiting damages to $75,000.00, exclusive of interest and costs, but inclusive of penalties and attorney's fees, and to further stipulate that they waive any right to recover any amount over $75,000.00. *See Exhibit "C"*. To date, State Farm has not received a response to this request.

9.

Further, pursuant to *La. Code Civ. Proc art. 893*, "[t]he prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount **is required**."

10.

Plaintiff has failed to allege that the amount in controversy is insufficient for this court to exercise jurisdiction. *See Exhibit "A", p. 2-6.*

11.

The Court's jurisdiction has been confirmed by way of Plaintiff's (1) failure to limit damages in accordance with *La. Code Civ. Proc. art. 893*, and (2) refusal to execute the requested stipulation limiting the amount in controversy to $75,000.00, exclusive of interest and costs.

**Diversity Jurisdiction Exists**

12.

The Petition for Damages has alleged that **STATE FARM** is foreign insurance company authorized to do and doing business in the State of Louisiana. *See Exhibit "A", p. 2.*

13.

**STATE FARM FIRE & CASUALTY COMPANY** is incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois. **STATE FARM FIRE & CASUALTY COMPANY** has no parent company and does not have any shareholders.

14.

Cindy Desonier is a resident of Calcasieu Parish, Louisiana. *See Exhibit "A", p. 2.*

As such, complete diversity exists and the amount in controversy exceeds sum of $75,000.00. Pursuant to 28 U.S.C. 1441 (a) this action is removal because the District Courts of the United States have original jurisdictions.

**Reservation of Rights and Defenses; Demand for Jury Trial**

15.

**STATE FARM** reserves the right to supplement or amend this Notice of Removal.

16.

**STATE FARM** hereby reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses, including but not limited to, insufficiency of service of process, lack of personal jurisdiction, improper venue, lake of procedural capacity, improper cumulation of actions, no right of action, lack of standing, prescription, preemption, res judicata, collateral estoppel, no cause of action, and the right to trial by jury.

WHEREFORE, **STATE FARM** respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.

BY: /s Todd M. Ammons
      TODD M. AMMONS
      La. Bar Roll No. 21441
      P.O. Box 2900
      Lake Charles, LA  70602
      (337) 436-9491

## **CERTIFICATE**

**I HEREBY CERTIFY** that on June 17, 2022 a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record participating in CM/ECF by operation of the court's electronic filing system.

/s Todd M. Ammons
TODD M. AMMONS